LEHNHOFF *v.* MAY.

4-8456                                          209 S. W. 2d 700

Opinion delivered March 29, 1948.

*Henry B. Whitley,* for appellant.

*A. A. Thomason,* for appellee.

McHANEY, Justice.    Appellant and appellee, Cleo May, own adjoining 40-acre tracts of land, the May tract lying immediately east of appellant's tract. This lawsuit grows out of a dispute as to the correct boundary line running north and south between their respective 40-acre tracts.

Appellant acquired title to her 40 acres from the estate of her father, R. W. McMahen who died in 1942. Appellee May acquired her 40 acres from her father, L. E. Green, the other appellee, in 1934, by deed, and L. E. Green acquired title from the estate of his father, W. D. Green who died in 1926.

A strip of land about 36 feet wide and running north and south the full length of said 40-acre tracts is in dispute. Each party claims that said strip is on her land. On December 19, 1946, appellant sold the timber on said strip to one Sam Bass, Jr., who shortly thereafter cut same. After said timber was cut, but before it was removed, appellee, L. E. Green, acting as agent for his daughter, Cleo May, ordered said Bass not to remove the logs so cut from said strip until a survey of the correct line between the two 40-acre tracts could be made. The complaint of appellant, plaintiff below, alleged the above facts and that said Green caused a survey to be made

which established a line about 36 feet west of the old line between said tracts which had been established by the county surveyor some 25 years ago which old line had been recognized and acquiesced in by the predecessors in title of both parties for more than 25 years and that she had no knowledge or notice of any dispute until said Green interfered as above stated. She plead estoppel. She alleged also the cutting of said logs; that they would be damaged if allowed to remain where cut; that their value was $120 which she tenders into court; and asked an injunction to prevent appellees from interfering with their removal. The prayer was for an injunction to prevent appellees from interfering with her use and enjoyment of said strip of land and that her title be quieted in her.

The answer of appellees admitted the ownership of the two tracts by the parties as alleged. They claimed the ownership of the disputed strip by May and that it had been in her possession and that of her predecessors in title for more than 50 years, such possession being open, notorious and actual, and that neither appellant nor anyone else has ever claimed said strip adversely to her until said timber was sold by appellant. By cross complaint they claimed damages for the wrongful cutting of said timber which was alleged to be worth $200. They asked that Sam Bass, Jr., be made a party and caused to answer. They prayed for a dismissal of the complaint, for the recovery of damages and the quieting of May's title to said strip.

Bass answered admitting the cutting of said timber, that he paid $120 for it and that it cost him $40 to have it cut. He prayed judgment for $160 against Green if appellant should win, and the same amount against appellant if Green should win.

Trial resulted in a decree dismissing appellant's complaint for want of equity, and that Sam Bass recover from her $120, appellees and Bass to recover their costs. It appears from the record that appellant has paid and satisfied the record of the judgment against her.

It appears that Mr. McMahen, from whom appellant deraigns the title to her 40 acres, built a fence on the east side of said tract on or near what he thought was the true line between the two tracts. Appellant contends for a reversal that the true line was established by Louis Pope, county surveyor, in 1920, and that appellees have acquiesced therein all this time, so that the line so established becomes the agreed line. This survey was not certified to by Pope. He filed no plat or other instrument showing such survey. It was testified to that a stob driven in the ground marked the southern extremity of said line. Reliance is placed on the testimony of one Dennis who carried the flag for Pope's survey. This witness testified that the purpose of the Pope survey was to establish the line between the May 40 and the 40-acre tract adjoining her 40 on the south, and not to establish a line between appellant and appellee May.

It also appears that after the present dispute arose appellee Green had W. M. Jack, the present county surveyor, establish the line between the disputants and that it was west of the McMahen fence built several years ago.

We think the question was one of fact. The evidence was in dispute as to whether the true line was east or west of the McMahen fence. Appellants contend that it was east and appellees that it was west of said fence. The Jack survey located it west. While the court did not establish a line, it did find that appellant was not the owner of the timber on the strip east of the fence and gave Bass a judgment against her for $120 which she has paid.

After carefully considering all of the evidence we are unable to say that the decree is against the preponderance of the evidence, so it must be and is affirmed.